**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**CASE NO.:**

SHELLEY JO LEESON

        Plaintiff,

v.

CENTER OF THE AMERICAN EXPERIMENT

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff SHELLEY JO LEESON by and through undersigned counsel, brings this

Complaint against Defendant CENTER OF THE AMERICAN EXPERIMENT for damages and

injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      For over 13 years, Plaintiff SHELLEY JO LEESON ("Leeson") has created and

maintained a popular Twitter account entitled @CrimeWatchMpls ("@CrimeWatchMpls")

through which she engages in original, daily, real-time reporting on crime and public safety

issues in Minneapolis. As part of her reporting, Plaintiff spends hours most days listening to

police scanner broadcasts and reviewing citizen reports which she summarizes into frequent

posts published on @CrimeWatchMpls which are viewed by her over 72,000 followers.

2.      Leeson maintains her @CrimeWatchMpls Twitter account on an unpaid and independent basis, with the substantial amount of time she devotes to her citizen reporting being compensated only through voluntary contributions from her followers.

3.      Defendant CENTER OF THE AMERICAN EXPERIMENT ("American Experiment") is a Minnesota conservative "think-tank" nonprofit corporation which in 2021 raised over $3.5 million through public fundraising appeals to finance its conservative advocacy operations. On its website, American Experiment states that it solicits donations to support its "diligent research . . . with the goal of making Minnesota a better place to live in every way."

4.      One of the issues on which American Experiment claims to perform diligent research is crime and public safety in Minneapolis.

5.      Without requesting nor receiving Plaintiff's consent or license, American Experiment in early 2022 began to embed Plaintiff's @CrimeWatchMpls Twitter posts onto American Experiment's website.

6.      By the use of an embedded feed, American Experiment reproduced and displayed each of @CrimeWatchMpls's posts in full on American Experiment's website automatically as soon as Leeson published the post on her @CrimeWatchMpls Twitter account. As a result, any viewer of American Experiment's website would see the @CrimeWatchMpls Twitter post displayed in full when viewing American Experiment's website without the need to "click through" to access Plaintiff's Twitter account.

7.      Nowhere on its website has American Experiment ever stated that @CrimeWatchMpls is unaffiliated with American Experiment or that Plaintiff's posts were not the result of any work performed by American Experiment.

8.      American Experiment and its employees and agents do not research, write, edit or contribute in any manner to Plaintiff's @CrimeWatchMpls reporting.

9.      American Experiment appeals for contributions on its website to fund American Experiment's operations. On the same web page where the embedded posts from @CrimeWatchMpls appear, American Experiment has a "donate" button and a "click here to contribute" link, with all of the money so contributed going solely to American Experiment.

10.     Nowhere on its website has American Experiment ever included any solicitation for or the ability for any reader to contribute to @CrimeWatchMpls.

11.     American Experiment has never licensed nor offered Plaintiff any compensation for American Experiment's reproduction and display of @CrimeWatchMpls Twitter posts.

12.     Plaintiff brings this action against Defendant for its multiple violations of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106 (1) and (5) by Defendant's unauthorized reproduction and public display of Plaintiff's original copyrighted works of authorship which Plaintiff researched, wrote and published on her Twitter account @CrimeWatchMpls.

## JURISDICTION AND VENUE

13.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15.     Defendant is subject to personal jurisdiction in Minnesota.

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

17.     Center of the American Experiment is a Minnesota nonprofit corporation with its registered office and principal place of business at 8421 Wayzata Blvd., Suite 110, Golden Valley, Minnesota 55426, and can be served by serving its President John Hinderaker.

## THE COPYRIGHTED WORKS AT ISSUE

18.     On September 1, 2022 at approximately 11:54am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 1 - 11:54am Post".



19.     On September 3, 2022 at approximately 2:08am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 3 - 2:08am Post".



**CrimeWatchMpls**
@CrimeWatchMpls

.
Multiple shots fired at Lagoon and Hennepin Ave.
Off-duty on site and calling for back up.
Near Reign.

02:08

2:08 AM · Sep 3, 2022 · TweetDeck

20.     On September 3, 2022 at approximately 9:53pm, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 3 - 9:53pm Post".



**CrimeWatchMpls**
@CrimeWatchMpls

.
State Fair - Fight at the Midway near the fry stand. A chemical irritant was sprayed.

Several people jumped a fence into the campground.

We're getting reports of shots fired, but cannot confirm that.
21:50

9:53 PM · Sep 3, 2022 · Twitter Web App

21.     On September 9, 2022 at approximately 1:04am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 9 - 1:04am Post".



**CrimeWatchMpls**
@CrimeWatchMpls                                    ...

.
EMS with a gunshot victim at Bullwinkle's. Police also arrived for a help call.
1429 Washington Ave S
01:03

1:04 AM · Sep 9, 2022 · TweetDeck

22.     On September 9, 2022 at approximately 10:42am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 9 - 10:42am Post".



**CrimeWatchMpls**
@CrimeWatchMpls                                    ...

.
Two groups of protesters in vehicles are attempting to shut down Merwin Liquors and Winner Gas. They are blocking pumps and entrances and refusing to move.
10:39

#BroadwayLyndale Ave N

10:42 AM · Sep 9, 2022 · Twitter Web App

23.     On September 14, 2022 at approximately 9:37am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 14 - 9:37am Post".





24.     On September 23, 2022 at approximately 12:37am, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 23 - 12:37am Post".



25.     On September 23, 2022 at approximately 9:45pm, Leeson wrote and published an original work of authorship on her Twitter account @CrimeWatchMpls, a copy of a portion of which is shown below and referred to herein as the "Sept. 23 - 9:45pm Post".



**INFRINGEMENT BY DEFENDANT**

26.    Beginning in early 2022, American Experiment created a separate webpage on its

website (https://www.americanexperiment.org/minnesota-is-now-a-high-crime-state/) entitled

"Minnesota is now a high crime state!" (the "Crime Webpage"), a copy of a portion of which is

shown below:



27.    On its Crime Webpage, American Experiment embedded Plaintiff's

@CrimeWatchMpls Twitter page, through which all posts from @CrimeWatchMpls

automatically and virtually immediately were reproduced and visually displayed on American

Experiment's Crime Webpage, a copy of a portion of which is shown below:



According to the most recent Bureau of Criminal Apprehension data, Minnesota is now above the national average for Part 1 crimes like murder, assault, rape and carjackings.

## Crime in the News



Center of the American Experiment is a nonprofit organization. We can't do what we do without your support. *Click here if you want to help us continue to make a difference!* You can also mail us at **8421 Wayzata Boulevard, Suite 110, Golden Valley, MN 55426.**

**Links**
About
Issues
Multimedia
Magazine

Events
Get Involved
Contact
Donate

**Newsletter**
Enter your email     SIGN UP

**Social**

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

COPYRIGHT © 2022 CENTER OF THE AMERICAN EXPERIMENT. ALL RIGHTS RESERVED.

28.     Through its use of the embedded feed, Defendant automatically displayed each of the 8 Twitter posts listed in paragraphs 18 through 25 above on its Crime Webpage verbatim almost immediately following Plaintiff publishing such post on @CrimeWatchMpls.

29.     At the top of Defendant's Crime Webpage is a "Donate" button, and at the bottom is a request for readers to "Click here if you want to help us continue to make a difference." All of the money contributed through these links goes solely to American Experiment.

30.     American Experiment has never requested nor received a license or permission from Plaintiff or Twitter to reproduce or display Plaintiff's @CrimeWatchMpls Twitter posts on American Experiment's Crime Webpage.

31.     Since early 2022, Defendant has violated Plaintiff's exclusive rights to reproduce and display her copyrighted works by reproducing and displaying on the American Experiment website Leeson's original works of authorship from @CrimeWatchMpls

32.     On August 31, 2022, Howard Root ("Root"), a former Board member of American Experiment, emailed John Hinderaker ("Hinderaker") and Ron Eibensteiner ("Eiobensteiner") (President and Chair of American Experiment, respectively) informing them that American Experiment was "blatantly violating" Leeson's copyright in her @CrimeWatchMpls posts by embedding and reproducing and displaying her Twitter posts on the American Experiment website. Root concluded his email by requesting that Hinderaker and Eibensteiner "address this issue promptly and with contrition, while its resolution still can be handled efficiently."

33.     The only response Root received from Hinderaker or Eibensteiner was an email from Eibensteiner which stated, in total, "With contrition?? Haha – love the wording. I feel as though I am back as a 10 year old serving Mass for Fr. Redizk!"

34.     On December 6, 2022, counsel for Plaintiff emailed Hinderaker a draft of this Complaint.

35.     On December 9, 2022, Hinderaker replied to Plaintiff's counsel via email stating he was "surprised to learn that Ms. Leeson does not want the Center to help publicize her work." Hinderaker further stated: "I do not agree with your legal theories, but as a courtesy to Ms. Leeson we have deleted the Twitter feed from our HighCrimeMN.com page."

36.     American Experiment deleted the embedded @CrimeWatchMpls Twitter feed from its Crime Webpage on or about December 8, 2022.

37.     On behalf of American Experiment, Hinderaker refused to discuss entering into a license agreement or otherwise resolving American Experiment's actions in reproducing and displaying Plaintiff's copyrighted works.

## COUNT I
## COPYRIGHT INFRINGEMENT OF SEPT. 1 - 11:54AM POST

38.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

39.     Plaintiff owns a valid copyright in the Sept. 1 - 11:54am Post.

40.     Plaintiff registered the Sept. 1 - 11:54am Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

41.     Defendant reproduced and displayed the Sept. 1 - 11:54am Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

42.     Defendant performed the acts alleged in the course and scope of its business activities.

43.     Defendant's acts were willful.

44.     Defendant reproduced and displayed the Sept. 1 - 11:54am Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

45.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT II
## COPYRIGHT INFRINGEMENT OF SEPT. 3 - 2:08AM POST

46.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

47.     Plaintiff owns a valid copyright in the Sept. 3 - 2:08am Post.

48.     Plaintiff registered the Sept. 3 - 2:08am Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

49.     Defendant reproduced and displayed the Sept. 3 - 2:08am Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

50.     Defendant performed the acts alleged in the course and scope of its business activities.

51.     Defendant's acts were willful.

52.     Defendant reproduced and displayed the Sept. 3 - 2:08am Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

53.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT III
## COPYRIGHT INFRINGEMENT OF SEPT. 3 - 9:53PM POST

54.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

55.     Plaintiff owns a valid copyright in the Sept. 3 - 9:53pm Post.

56.     Plaintiff registered the Sept. 3 - 9:53pm Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

57.     Defendant reproduced and displayed the Sept. 3 - 9:53pm Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

58.     Defendant performed the acts alleged in the course and scope of its business activities.

59.     Defendant's acts were willful.

60.     Defendant reproduced and displayed the Sept. 3 - 9:53pm Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

61.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT IV
## COPYRIGHT INFRINGEMENT OF SEPT. 9 - 1:04AM POST

62.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

63.     Plaintiff owns a valid copyright in the Sept. 9 - 1:04am Post.

14

64.     Plaintiff registered the Sept. 9 - 1:04pm Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

65.     Defendant reproduced and displayed the Sept. 9 - 1:04am Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

66.     Defendant performed the acts alleged in the course and scope of its business activities.

67.     Defendant's acts were willful.

68.     Defendant reproduced and displayed the Sept. 9 - 1:04pm Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

69.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT V
## COPYRIGHT INFRINGEMENT OF SEPT. 9 - 10:42PM POST

70.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

71.     Plaintiff owns a valid copyright in the Sept. 9 - 10:42pm Post.

72.     Plaintiff registered the Sept. 9 - 10:42pm Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

73.     Defendant reproduced and displayed the Sept. 9 - 10:42pm Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

74.     Defendant performed the acts alleged in the course and scope of its business activities.

75.     Defendant's acts were willful.

76.     Defendant reproduced and displayed the Sept. 9 - 10:42pm Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

77.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT VI
## COPYRIGHT INFRINGEMENT OF SEPT. 14 - 9:37AM POST

78.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

79.     Plaintiff owns a valid copyright in the Sept. 14 - 9:37am Post.

80.     Plaintiff registered the Sept. 14 - 9:37am Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

81.     Defendant reproduced and displayed the Sept. 14 - 9:37am Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

82.     Defendant performed the acts alleged in the course and scope of its business activities.

83.     Defendant's acts were willful.

84.     Defendant reproduced and displayed the Sept. 14 - 9:37am Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

85.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

**COUNT VII**
**COPYRIGHT INFRINGEMENT OF SEPT. 23 - 12:37AM POST**

86.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

87.     Plaintiff owns a valid copyright in the Sept. 23 - 12:37am Post.

88.     Plaintiff registered the Sept. 23 - 12:37am Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

89.     Defendant reproduced and displayed the Sept. 23 - 12:37am Post publicly on Defendant's website without authorization and therefore is an infringer under 17 U.S.C. §501 (1) and (5).

90.     Defendant performed the acts alleged in the course and scope of its business activities.

91.     Defendant's acts were willful.

92.     Defendant reproduced and displayed the Sept. 23 - 12:37am Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

93.     As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

## COUNT VIII
## COPYRIGHT INFRINGEMENT OF SEPT. 23 - 9:45PM POST

94.     Plaintiff incorporates the allegations of paragraphs 1 through 37 of this Complaint as if more fully set forth herein.

95.     Plaintiff owns a valid copyright in the Sept. 23 - 9:45pm Post.

96.     Plaintiff registered the Sept. 23 - 9:45pm Post with the Register of Copyrights pursuant to 17 U.S.C. §411(a) under Registration Number TX0009193614.

97.     Defendant reproduced and displayed the Sept. 23 - 9:45pm Post publicly on Defendant's website without authorization in violation of 17 U.S.C. §501 (1) and (5).

98.     Defendant performed the acts alleged in the course and scope of its business activities.

99.     Defendant's acts were willful.

100.    Defendant reproduced and displayed the Sept. 23 - 9:45pm Post either with knowledge that such acts infringe Plaintiff's rights as a copyright holder or with reckless disregard for, or willful blindness to, such rights.

101.    As a result of Defendant's infringement as alleged above, American Experiment obtained direct and indirect profits it would otherwise not have realized but for its infringement.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant Center of the American Experiment that:

a.     Defendant and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §501;

b.   Defendant be required to pay Plaintiff statutory damages, as provided in 17 U.S.C. §504(c) for willful infringement in the amount of $150,000 for each of the 8 copyright works infringed;

c.   Plaintiff be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d.   Plaintiff be awarded pre-and post-judgment interest; and

e.   Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: December 12, 2022

By:   _s/ Nathan M. Hansen_
NATHAN M. HANSEN (#0328017)
nathan@hansenlawoffice.com

Hansen Law Office
2440 Charles Street North, Suite 242
North St. Paul, MN 55109
651.704.9600 – telephone

***Counsel for Plaintiff Shelley Jo Leeson***